FILED
JAN 31 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

CEDRIC WASHINGTON
FED. REG. # 43639-279
FEDERAL CORRECTION
INSTITUTION - LA TUNA
P.O. BOX 3000
ANTHONY, NM/TX 88021

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CEDRIC WASHINGTON
    Petitioner,

-V-

UNITED STATES OF AMERICA
    Respondent.

CASE NO: 2:09-CR-800

PETITION FOR MODIFICATION OF SENTENCE
UNDER 18 U.S.C. SECTION 3582(c)(2) PURSUANT TO
ABROGATION OF ENHANCED 851 SENTENCE UNDER
THE FIRST STEP ACT OF 2018.

COMES NOW, Petitioner Cedric Washington, seeking leave of this Honorable Court to entertain the above referenced petition, along with the attached 'Bifurcated Omnibus Petition" filed in the U.S. District Court, Western District of Texas, El Paso Division. This present cause arises from a previous filing, where both the responses from the district court and the Office of the Public Defender, were predicated on the fact that, Cedric Washington's sentence was a statutory maximum minimum, as opposed to a Guideline sentence. See EXHIBITS 2 & 3.

However, the FIRST STEP ACT which was signed by President Trump, also makes the Fair Sentencing Act retroactive. The upshot of which is that, enhanced sentences like 851, have subsequently been abrogated. The impact for Cedric Washington is, at the discretion of this Honorable Court, he can be resentenced, perhaps at the low end of what his guideline sentence was. (151-188 Months.) See, EXHIBIT 1 (Sentencing Transcripts) showing Guideline Range.

Further, if his application for a Writ of Habeas Corpus is granted, that essentially opens the portal for relief for the implementation of the FIRST STEP ACT, allowing Cedric Washington to be a beneficiary.

PROCEDURAL POSTURE

On December 9, 2014 Cedric Washington filed a Pro Se Petition seeking a reduction of his sentence under 18 U.S.C. 3582 and Amendment 782 to the United States Sentencing Guidelines. The Amendment reduced the Guideline range for those sentences involving all drugs. Cedric Washington was not eligible for consideration. Based upon this amendment the sentencing guideline was dictated by the statutory mandatory minimum, not the amount of drugs involved in the offense.

ADDITIONAL REASONS FOR GRANTING WASHINGTON'S PETITION FOR A MODIFICATION OF SENTENCE PURSUANT TO THE SECOND CHANCE ACT.

1

---

Cedric Washington avers that a district court's decision to modify a sentence under 18 U.S.C. Section 3582(c)(2) is discretionary. In accordance with that, it had declined giving him relief at the outset, because of the statutory mandatory minimum, which compelled not only the Pubic Defender's Office but also the court to decline relief. That has changed pursuant to the FIRST STEP ACT.

The 782 Amendment revises the guidelines to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in Section 2B1.1 (unlawful manufacturing, Importing or trafficking, including possession with intent to commit these offenses); Attempt or Conspiracy incorporate the statutory minimum penalties for such offenses.

When Congress passed the Anti-Drug Act in 1986, PUB 1, 99-570, the Commission responded and extrapolating upward and downward to set guidelines sentencing ranges for all drug quantities. The quantity thresholds in the drug quantity table were set so as to provide base offense levels, corresponding to guideline ranges that were slightly above the statutory mandatory minimum penalties. Accordingly, offenses involving drug quantities that trigger a five year statutory minimum were assigned a base level (level 26) corresponding to a sentence of 63-78 months for a defendant with a Criminal History Category 1 (a guideline range that exceeds the five year statutory minimum for such offenses by at least three months).

Similarly, offenses that trigger a ten year minimum were assigned a base offense level (level 32) corresponding to sentences guideline range that exceeds ten year statutory minimum for such offenses by at least one month. The base levels for drug quantities above and below the mandatory minimum threshold quantities. See 2B1.1 comment (backg'd) with a minimum base offense level of 6 and a maximum base offense level of 38 for drug offenses.

This analysis is very critical in assessing the degree for the goals of the Amendment, not only by the district court, but the wholesale adoption of it. Critically, the amendment stresses how the applicable statutory mandatory minimum penalties are incorporated in the Drug Quantity table while maintaining consistency with such penalties. See 28 U.S.C. 994(b)(1)(providing that each sentencing range must be "consistent with all the pertinent provisions of Title 18, United States Code").; See also 28 U.S.C. Section 994(a)(providing that the Commission shall promulgate guidelines and policy statements "consistent with all pertinent provisions of any federal statute".

The Amendment also reflect the fact that the guidelines now more adequately differentiate among drug trafficking offenders than when the Drug Quantity Table was initially established. Since the initial selection of offense levels 26 and 32, the guidelines have been amended many times in response to congressional directives to provide greater emphasis on the defendant's conduct and role in the offense, rather than the drug quantity. The version of Section 2D1.1 in effect at the time of this amendment contains fourteen enhancements and three downward adjustments (including the "mitigating role cap" provided in Sub-Section (a)(5).

These numerous adjustments. both increasing and decreasing offense levels, based on specific conduct, reduce the need to rely on drug trafficking offenders like Cedric Washington as a proxy for culpability, and the amendment permits these adjustments to differentiate among offenders more effectively.

WHEREFORE, Cedric Washington moves this Honorable Court to GRANT this Petition and issue an ORDER for resentencing to reflect the changes in the FIRST STEP ACT, and grant him additional relief pursuant to the 2011 Supreme Court holding in United States v. Pepper (citations omitted). Anti-recidivist relief that provide the "greatest likelihood of successful reintegration into the community." See, EXHIBIT 4 (Copies of institutional Programming Certificates)

-------------------------------------------------------------------------------

RELIEF SOUGHT

WHEREFORE, Petitioner Cedric Washington moves this Honorable Court to grant his petition for Modification of Sentence, in lieu of his Application for a Writ of Habeas Corpus in the U.S. District Court, Western District of Texas, El Paso Division, so that he can fully avail himself of the changes of the FIRST STEP ACT.

Date: January 30, 2019.                                     Respectfully Submitted,

                                                            */s/ Cedric Washington*
                                                            Cedric Washington

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of "PETITION FOR WRIT OF HABEAS CORPUS & PETITION FOR MODIFICATION OF SENTENCE ET AL" to the following parties to the above entitled action, by placing a complete copy of the described material in a sealed envelope, affixed with the appropriate pre-paid first Class United State Postage;

CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
525 MAGOFFIN AVENUE
EL PASO, TEXAS 79901

OFFICE OF THE U.S. ATTORNEY
700 E. AN ANTONIO
EL PASO, TEXAS 79901

HON. JUDGE P. MICHAEL DUFFY
UNITED STATES DISTRICT COURT
P.O. BOX 835
CHARLESTON, SOUTH CAROLINA, 29402

OFFICE OF U.S. ATTORNEY
P.O. BOX 978
CHARLESTON, SOUTH CAROLINA, 29402

and deposited same with prison officials here at the Federal Correctional institution, La Tuna, P.O. Box 3000, Anthony, NM/TX 88021 on the 30th day of January 2019, pursuant to title 28 United States Code, Section 1746. I declare under penalty of perjury that the above is true.

Executed this 30th day of January 2019.

RESPECFULLY SUBMITTED,
*Cedric Washington*
CEDRIC WASHINGTON
FED. REG. # 43639-279
FEDERAL CORRECTIONAL
INSTITUTION, LA TUNA
P.O. BOX 3000
ANTHONY, NM/TX 88021

4